## In Re Anonymous No. 15 D.B. 83

Disciplinary Board Docket No. 15 D.B. 83.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania

SCHWARTZMAN, member, December 19, 1983—Pursuant to Rule 208(d) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania (board) herewith submits its findings and recommendations to your honorable court with respect to the above petition for discipline.

## I. HISTORY OF PROCEEDINGS

The within petition for discipline was filed on April 4, 1983 against [      ], the within respondent (respondent) with respect to his entry of a plea of guilty in the United States District Court of the [      ] District of Pennsylvania to the charge of failing to timely file a Federal Income Tax Return. Respondent was sentenced to serve weekends in prison for a period of two years.

The petition for discipline alleged that respondent had violated the following Disciplinary Rules of the Code of Professional Responsibility:

A. D.R. 1-102(A)(4), prohibiting conduct involving dishonesty, fraud, deceit or misrepresentation;

B. D.R. 1-102(A)(5), prohibiting conduct prejudicial to the administration of justice;

C. D.R. 1-102(A)(6), prohibiting conduct that adversely reflects on his fitness to practice law.

Hearing committee [      ] was assigned to hear these charges. Upon due notice to all parties, a hearing was conducted on May 23, 1983.

On August 3, 1983, hearing committee [      ] filed its report, in which it found respondent's conduct violated D.R. 1-102(A)(5) and D.R. 1-

102(A)(6). The hearing committee made no finding with regard to the alleged violation of D.R. 1-102(A)(4).

Based upon the two violations stated above, Hearing Committee [    ] recommended that "the Respondent be suspended from the practice of law until such time as his confinement on weekends in the [    ] County Prison comes to an end."

On July 25, 1983, the Honorable [A], United States District Judge from the [    ] District of Pennsylvania filed an order vacating the previous requirement of the sentence of respondent that he spend his weekends in the [    ] County Prison. As a result of this modification, hearing committee [    ] filed a supplemental report recommending that public censure be imposed on respondent.

No exceptions were filed to the findings or recommendation of hearing committee [    ] by either Office of Disciplinary Counsel or respondent.

This board, after an independent consideration of this matter, adopts the following findings of fact.

## II. FINDINGS OF FACT

1. Respondent is an attorney admitted to the practice of law in the Commonwealth of Pennsylvania, having been admitted to the Pennsylvania Bar on or about February 16, 1965.

2. On August 2, 1982, the United States Attorney for the [    ] District of Pennsylvania filed a Criminal Information charging the Respondent with three counts of violating Title 26 U.S.C. §7203 (failure to timely file Federal Income Tax Return) in a case captioned United States of America v. [Respondent] and docketed at number [    ] in the United States District Court for the [    ] District of Pennsylvania.

3. On October 26, 1982, respondent entered into a plea agreement with the United States Attorney

for the [    ] District of Pennsylvania. Under the terms of said agreement, respondent agreed to enter a plea of guilty to count three of the Criminal Information and, in turn, the United States Attorney for the Middle District of Pennsylvania agreed to move for dismissal of counts one and two of said information.

4. On January 28, 1983, respondent, without counsel, entered a plea of guilty to the charge of failing to timely file a Federal Income Tax Return as set forth in count three of the aforesaid information. Said guilty plea was accepted by United States District Judge [A] on said date.

5. On January 28, 1983, respondent was sentenced to a one year term of imprisonment and fined the sum of $5,000. The execution of the sentence was suspended and the respondent was placed on probation of a period of two years. As a special condition of probation, respondent was required to successfully complete a program of psychiatric treatment and be confined in the [    ] County Prison, [    ], Pennsylvania from 7:00 pm ·on Fridays to 7:00 pm on Sundays for a period of two years. Counts one and two of the aforesaid information were dismissed.

6. On July 25, 1983, United States District Judge [A] filed an order modifying the terms of probation previously imposed on respondent. Specifically, the court vacated the previous order that required respondent to serve weekends in the [    ] County Prison. In addition, the court imposed additional terms of probation which required (a) the defendant cooperate fully and promptly with the Internal Revenue Service; (b) the defendant work four hours a week, 30 weeks each year without pay, contributing to the maintenance of the national health, safety, or other interest to be determined by the United States Probation Office.

7. From February 4, 1983 until the date of Judge [A's] subsequent order, Respondent reported to the [    ] County Prison on Fridays at 7:00 pm remaining in that confined state until Sundays at 7:00 pm.

8. Respondent has complied with the order of the Court with regard to psychiatric treatment and has been seen by Dr. [B], an adult psychologist on a weekly basis.

## III. CONCLUSION OF LAW

Respondent has violated D.R. 1-102(A)(5) and D.R. 1-102(A)(6). With respect to D.R. 1-102(A)(4), which prohibits conduct involving dishonesty, fraud, deceit or misrepresentation, this Board concludes that respondent's conduct did not violate that rule. Although the hearing committee did not make specific findings with regard to D.R. 1-102(A)(4), it is clear from their findings of fact, as well as our own independent examination of the record, that there was not a violation of this section of the Disciplinary Rules.

## IV. DISCUSSION

Respondent was charged with three counts of failing to timely file Federal Income Tax Returns for the years 1977, 1978 and 1979. On January 28, 1983, he entered a plea of guilty to one count of failing to timely file a Federal Income Tax Return for the year 1979. The other two counts of the information were dismissed. Respondent was sentenced to imprisonment for a term of one year and fined the sum $5,000. The execution of the sentence as to the fine and as to imprisonment was suspended and respondent was placed on probation for a period of two years pursuant to various conditions. One of the special terms of probation was that the respondent

complete a program of psychiatric treatment. A second condition was that respondent serve from 7:00 p.m. Friday to 7:00 p.m. Sunday, each week, for a period of two years at the [ ] County Prison, [ ], Pa.

Hearing committee [ ], found that the respondent violated Disciplinary Rules D.R. 1-102(A)(5) "conduct that is prejudicial to the administration of justice" and D.R. 1-102(A)(6) "conduct that adversely reflects on his fitness to practice law." In deciding upon the appropriate punishment in this matter, the hearing committee stated as follows:

"Considering the factual situation that lead to Respondent's breach of the Disciplinary Rules, his professional and community background, and his compliance with the requirement for psychiatric treatment, it is the inclination of the Hearing Committee to impose public censure upon the Respondent. However, the Committee is troubled by the fact that Respondent practices law during the week and then spends the weekends in prison. This is an anomalous situation that causes the Committee much concern. If that portion of the sentence relating to confinement were to be terminated, the imposition of public censure would be recommended. However, under the circumstances, such a recommendation is not justified . . .

It is the recommendation of the hearing committee that respondent be suspended from the practice of law until such time as his confinement on the weekends at the [ ] County Prison comes to an end."

On July 25, 1983, District Judge [A] filed an order modifying the previous terms of probation. Specifically, Judge [A] ordered:

(1) The requirement that defendant serve weekends in [ ] County Prison be vacated.

(2) The following special conditions of probation be imposed:

(a) Defendant is directed to cooperate fully and promptly with the Internal Revenue Service.

(b) Defendant is directed to work four hours per week, fifty weeks each year without pay, contributing to the maintenance of the national health, safety, or other interest to be determined by the United States Probation office.

(3) Violation of either of the special conditions hereby imposed will result in the reinstatement of the weekend prison terms.

Following the issuance of this order, Hearing Committee [   ] issued a supplemental report and recommendation on August 1, 1983. The hearing committee stated as follows:

"The modification of the Court's original order solves the dilemma with which the hearing committee was confronted at the time of its recommendation. Under these circumstances, the recommendation of the hearing committee is modified . . . it is the recommendation of the hearing committee that public censure be imposed upon the Respondent."

In the case of In Re Anonymous No. 9 D.B. 76, 4 D. & C. 3d 388 at page 392, the Disciplinary Board in its report and recommendations stated ". . . No concrete minimal discipline should be applicable to cases of this nature. Each of these cases should be taken on an ad hoc basis and any resulting discipline should be developed from the factual situation of each particular case. We must take into consideration the reasons given by a respondent and the facts surrounding any infraction of the Federal Income Tax laws."

In the instant case, at the time of the commission of the offense to which respondent entered a plea of

guilty, he was actively engaged in the practice ôf law. During this period, he was having problems with the attorney with whom he was in partnership, as well as experiencing marital problems. Respondent testified that he failed to timely file his income tax because he had a psychological block which prevented him from doing something which he knew he should have done. His problems with his law partner and his wife apparently caused a depression which Dr. [B] stated "prevented him from being self-assertive and active in matters of self-interest." Dr. [B] further stated that respondent became a victim of a pattern of procrastination of symptoms represented psychiatrically diagnosable personality problems which directly resulted in [respondent's] failure to file income tax returns." The record shows that respondent is now aware of his emotional difficulties and is making a sincere effort to cope with them.

At the hearing in this matter, respondent's character was attested to by two respected members of the [  ] County Bar, as well as an elementary school principal from the school district in which the respondent practices. These witnesses gave testimony to respondent's competency as an attorney as well as his good character as a member of the community. In many cases that have been heard by this Board it has been stated that the appropriate discipline for wilful failure to file Federal Income Tax Returns is public censure. See In Re Anonymous No. 15 D.B. 76, 4 D. & C. 3d 394; In Re Anonymous No. 49 D.B. 78, 12 D. & C. 3d 529. In some cases a minimal term of suspension has been ordered. See, e.g. Anonymous No. 53 D.B. 81, 21 D. & C. 3d 673.

This board agrees with the hearing committee's findings that respondent has violated Disciplinary Rules D.R. 1-102(A)(5) and D.R. 1-102(A)(6).

However, we are reluctant to allow respondent to continue in the practice of law, as a public censure would provide, during the period in which he is serving a probationary sentence for his plea of guilty to a Federal criminal offense. We do not agree with the hearing committee that the specific offense in this case, were it not for the probationary sentence being served, would justify only the imposition of a public censure. However, under the circumstances of this case, this board feels that the appropriate punishment should be a one year suspension. This punishment would best serve the interest of the public as well as respondent by allowing him to resume the practice of law at the conclusion of his probationary sentence, which is presently scheduled to expire on or about January 28, 1985.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania, for all of the reasons set forth in the foregoing discussion, makes the recommendation that respondent receive a suspension from the practice of law for a term of one year and hereby recommends such disposition to the Supreme Court of Pennsylvania. It is further recommended that all costs incurred in the investigation and prosecution of this matter are to be paid by respondent.

Mrs. Hammerman, Mrs. Neuman and Mr. Krawitz dissent and would recommend a two year suspension.

## AMENDATORY ORDER

NIX, *C.J.*, And now, this January 26, 1984, the second paragraph of the order of this court entered January 20, 1984, is hereby amended to read as follows. Ordered that [respondent], be and he is sus-

pended from the Bar of the Commonwealth for a period commencing from the date of this order and terminating on February 1, 1985, and he shall comply with all the provisions of Rule 217, Pa.R.D.E., except subsection (d). It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E. Reinstatement shall be governed by the provisions of Rule 218, Pa.R.D.E.